IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY D. MEYER,                )
                               )
            Plaintiff,         )
                               )       CIVIL ACTION
v.                             )
                               )       No. 17-2459-JWL
NANCY A. BERRYHILL,            )
Acting Commissioner of Social Security, )
                               )
            Defendant.         )
_____)

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the ALJ's consideration of Plaintiff's allegations of symptoms, the court ORDERS that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

I.      Background

Plaintiff argues that the Administrative Law Judge (ALJ) erred in considering Plaintiff's allegations of disabling pain, failed to apply the correct legal standard when

weighing the medical opinions and improperly substituting his own personal medical opinion, and erred in the hypothetical questioning of the vocational expert (hereinafter VE).  He seeks remand for an immediate award of DIB.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless,

the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff argues that the VE testimony "will allow this Court to outright reverse this decision in its entirety and award Mr. Meyer SSDI benefits without the necessity of a remand" (Pl. Br. 38) (emphasis added), and asks the court to "reverse the Secretary's [sic] denial and award Mr. Meyer Social Security disability benefits." Id. at 39. However, Plaintiff cites no authority for the proposition that the court may order remand for payment of benefits based on VE testimony before the Commissioner, and does not argue the authority or facts of this case which justify this court's stepping in to direct an administrative agency to reach a particular decision in a matter over which the agency has been given jurisdiction in accordance with statute. Moreover, Plaintiff has waived this argument because he provided no legal authority for it and did not develop it in his Brief. Wall, 561 F.3d at 1066 (issue presented without developed argumentation is waived); see also, Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)). The court understands that there are (rare) circumstances in which it is appropriate to remand for an immediate award of benefits, but it is up to Plaintiff to cite the authority for such a result and to explain why this case

4

meets the criteria justifying that result. He has not done so. Further, the court is without jurisdiction to award SSDI benefits, which is the province of the Social Security Administration. At best, the court might reverse the decision below and remand to the Commissioner with directions to award benefits.

Remand is necessary because the court finds error in the ALJ's consideration of Plaintiff's allegations of disabling pain. Therefore, consideration of Plaintiff's remaining arguments would constitute merely an advisory opinion which the court may not provide. Plaintiff may make arguments he wishes in that regard to the Commissioner on remand.

## II. Discussion

Plaintiff argues that the ALJ's consideration of his allegations of disabling pain is insufficient. He argues that the ALJ did not adequately consider his testimony regarding pain, and did not explain specifically how his statements are inconsistent with the medical evidence. He argues that "[o]nce an objective medical basis for the existence of pain has been shown, subjective evidence must be given at least some weight and cannot be disregarded or minimized into nonexistence." (Pl. Br. 13). He asserts that the ALJ discounted Plaintiff's subjective complaints solely because of a lack of objective findings. Id. at 13-14. He argues that the medical evidence is contrary to the ALJ's findings regarding subjective pain, and supports Plaintiff's allegations. Id. at 15-23 (explaining how, in his view, the treatment notes support his allegations). He argues that the ALJ's reliance on poor effort is not confirmed by the record cited, id. at 24-25, and that there is no factual support for the finding that Plaintiff engages in moderate exercise three days a week. Id. at 25-26.

The Commissioner argues that the evidence supports the ALJ's evaluation and that Plaintiff does not show that his pain causes greater functional limitations than assessed. She points out the ALJ acknowledged that the medical records contained both normal and abnormal findings on physical examination at different times. (Comm'r Br. 4). She argues that the ALJ's explanation is appropriately specific regarding support for his reasons to discount Plaintiff's allegations and properly relied on the fact that Plaintiff engaged in moderate exercise three days a week. Id. at 5. Finally, she explains her view of the record evidence which supports the ALJ's finding of inconsistencies. Id. at 6-8.

**A.    The ALJ's Findings Regarding Consistency**

The ALJ explained the legal standard for evaluating Plaintiff's allegations of disabling pain. (R. 25-26) (citing 20 C.F.R. § 404.1529, SSR 96-4p, and SSR 16-3p). He summarized Plaintiff's allegations of disabling pain (R. 26), and stated his finding that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id. at 27. He summarized the evidence regarding pain and then stated his conclusion: (R. 27-28).

> In sum, although the record supports a finding that the claimant experiences a bothersome constellations [sic] of symptoms due to his musculoskeletal impairments, the cumulative medical evidence does not sufficiently support his allegations to find that they preclude his performance of a range of light work as described above. Although the claimant has a good work record in the years preceding his alleged onset date of disability, it is outweighed by the lack of objective support for his allegations found in the medical evidence of record, evidence of his putting forth poor effort upon medical testing, and his retained ability to engage in "moderate" exercise three days per week. (Exhibits 14D; 4F/5; 5F/l, 3, 5, 7, 10, 11 [(R. 211-12, 417, 447, 449, 451, 453, 456-57])). After a careful review of the record, I find that

6

the claimant's allegations regarding the intensity, persistence, and limiting effects of his impairments are not fully consistent with or supported by the record.

(R. 28).

## B. Legal Standard for Evaluating Symptom Evidence

The Tenth Circuit has explained the analysis for considering subjective testimony regarding disabling pain. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain. This court has stated: The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating symptoms, the court has recognized a non-exhaustive list of factors which should be considered. Luna, 834 F.2d at 165-66; see also 20 C.F.R. § 404.1529(c)(3). These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, at 1489).

7

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating allegations of symptom which overlap and expand upon the factors stated by the court: Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii). In Social Security Ruling 16-3p, the Commissioner clarified that the evaluation of a claimant's allegations of symptoms is not a credibility evaluation:

> In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities.

SSR 16-3p, <u>Evaluation of Symptoms in Disability Claims</u>, 2017 WL 5180304, *11 (Oct. 25, 2017) (applicable March 28, 2016); <u>see also</u>, 2016 WL 1119029 (Mar. 16, 2016); <u>and</u> 2016 WL 1237954 (Mar. 24, 2016)).

### **C.** **Analysis**

As noted above, the ALJ discounted Plaintiff's allegations because of a lack of objective support for his allegations, evidence of his putting forth poor effort upon medical testing, and his retained ability to engage in "moderate" exercise three days per

week. (R. 28). Plaintiff disagrees with each rationale. First, he argues that the medical evidence is contrary to the ALJ's findings regarding subjective pain, and supports Plaintiff's allegations. (Pl. Br. 15-23) (explaining how, in his view, the treatment notes support his allegations). Plaintiff is correct that there is medical evidence, particularly opinion evidence, which can be interpreted as consistent with and supportive of his allegations. But, the evidence is supportive of the ALJ's findings in this regard also. Thus, the court must accept the ALJ's view of the evidence. The mere fact that there is evidence which might support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

Next, he argues that the ALJ's reliance on poor effort is not confirmed by the record cited. (Pl. Br. 24-25). But, in fact it is. As the ALJ noted, treatment records from October 28, 2013 reveal questionable effort during strength testing. (R. 28) (citing Ex. 3F); see (R. 408 "There is questionable effort on testing strength in his right arm compared to the left."). Plaintiff does not deny the ALJ's understanding, but he points to another finding on the same physical examination which he perceives as favorable to his allegations. Such an argument suggests that the court should reweigh the evidence and

9

reach a determination more favorable to disability, but it is prohibited from doing so. As noted above, the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172; see also, Bowling, 36 F.3d at 434 (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell, 862 F.2d at 475).

The ALJ also cited two medical records which refer to a functional capacity examination (FCE) which was invalid "due to the claimant's poor effort on testing." (R. 28) (citing Exs. 5F/1, 28F/14) (R. 447, 855). Plaintiff argues that "no indication exists in the record as to why the results [of the FCE] were invalid." Again, Plaintiff denies the clear import of the record evidence. As the ALJ found, Dr. Galate's record states that an "FCE … dated 12/18/13 read out as an Invalid Effort," (R. 447), and Dr. Swaim's summary states that "[t]he overall impression [on the FCE] was that Mr. Meyer provided an invalid effort." (R. 855). Each of these records support the ALJ's finding "evidence of his putting forth poor effort on medical testing." (R. 28).

Attempting to distinguish "questionable effort," and "invalid effort" from the ALJ's finding, Plaintiff adopts a hyper technical approach and argues that "nowhere in the record is there any indication that Mr. Meyer ever gave 'poor effort.'" (Pl. Br. 24). Despite the niceties of Plaintiff's argument and the fact that the ALJ did not use the precise language of the record evidence, the record evidence supports the ALJ's finding of poor effort.

Nevertheless, the court finds that remand is necessary because, as Plaintiff suggests there is no factual support for the finding that Plaintiff "retained ability to engage in 'moderate' exercise three days per week." (R. 28). The first record cited by the ALJ in this regard is Ex. 4F/5 (R. 417), which demonstrates that Plaintiff engages in home exercise "on going x3wks." This record indicates that Plaintiff had been engaging in home exercise for three weeks, not three times per week. Exs. 5F/1 and 5F/10 are Dr. Galate's treatment records indicating "Exercise: Moderate." (R. 447, 456). In Ex. 5F/3, Dr. Galate stated, "The patient is comfortable with his home exercises, and is not interested in any further work up or treatment at this time. The patient was advised of the importance of continuing his stretching and home exercises." (R. 449). In Ex. 5F/5, Dr. Galate recorded "Exercise: Mild." (R. 451). In Exs. 5F/7 and 5F/11, Dr. Galate recorded, "Continue Home Exercise Program: The patient is comfortable with his home exercises, and is not interested in any further work up or treatment at this time. The patient was advised of the importance of continuing his stretching and home exercises." (R. 453 457). While these records suggest that Plaintiff has at times engaged in "moderate" exercise and has been encouraged to continue with his home exercise program, they also indicate that he has on at least one occasion reported only "mild" exercise, that he was comfortable with what he was doing in his home exercise, and that at one point in time he had only been doing home exercises for three weeks. They will not support the ALJ's finding that Plaintiff "retained [the] ability to engage in 'moderate' exercise three days per week." (R. 28).

11

While the record evidence supports some of the ALJ's rationale in this regard, it does not support the finding regarding an ability to exercise regularly.  Because the ability to engage in substantial gainful activity requires the ability to work on a sustained basis, eight hours a day, five days a week, the error in this regard likely may have a significant effect on Plaintiff's ability to work.  Therefore, remand is appropriate for the Commissioner to properly and fully consider this issue.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated August 14, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum  
**John W. Lungstrum**  
**United States District Judge**
