IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY D. M.,                                )
                                            )
            Plaintiff,                      )
                                            )   CIVIL ACTION
v.                                          )
                                            )   No. 17-2459-JWL
                                            )
NANCY A. BERRYHILL,                         )
Acting Commissioner of Social Security,     )
                                            )
            Defendant.                      )
_____ )

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412, and his amended memorandum in support. (Docs. 18, 21) (Pl. Mem.). The Commissioner admits that a fee award is proper but argues that the amount requested is unreasonable because an unreasonable amount of time was expended in reviewing the record and preparing Plaintiff's Social Security Brief. (Doc. 22) (Comm'r Obj.). The court finds that the hours expended reviewing the record and preparing Plaintiff's Social Security Brief were unreasonable in the circumstances. Therefore, the court GRANTS in part and DENIES in part Plaintiff's motion for attorney fees for 34.85 hours in judicial review of the decision of the Commissioner of Social Security and an additional 10.25 hours in defending the attorney fee request, both at the rates calculated

in the invoices attached to Plaintiff's memoranda, resulting in a fee award of $6,698.10 as explained hereinafter.

**I.    Background**

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits.  (Doc. 1).  The Commissioner answered and filed the transcript of record with the court.  (Doc. 6 & Attach. 1).  Plaintiff submitted a Motion to Supplement the Record, which the court granted.  (Docs. 9, 10).  The court found "no factual support for the finding that Plaintiff 'retained ability to engage in "moderate" exercise three days per week.'"  (Doc. 16, p.11).  The court entered judgment remanding the case for further proceedings.  (Doc. 17).  Plaintiff now seeks payment of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (Docs. 18, 23).

Plaintiff's counsel has established by attachments to his briefs that he expended forty-five and one-tenth hours in representing Plaintiff including; (a) six and six tenths hours in preliminary matters and in submitting the supplemental record in this case, (b) eighteen hours reviewing, researching, and writing plaintiff's brief in the case, (c) ten hours reviewing, researching, and writing a reply brief, (d) twenty-five hundredths of an hour reviewing the court's judgment and notifying Plaintiff, and (e) ten and twenty-five hundredths hours conferring with opposing counsel regarding fees in accordance with the local rule and researching and preparing an EAJA reply brief.

**II.   Legal Standard**

2

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA,[1] 28 U.S.C. § 2412, requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact. Id. The Commissioner bears the burden to show substantial justification for her position. Id.; Estate of Smith, 930 F.2d at 1501. The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

"A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee. Where settlement is not

---

[1]In relevant part, the EAJA states:

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. ...

(2)(A) For the purposes of this subsection--

... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, ... justifies a higher fee.

28 U.S.C. § 2412.

possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.'" Id., at 434. The fee applicant should exercise billing judgment with respect to the number of hours worked and billed. Hensley, 461 U.S. at 437. Billing judgment consists of winnowing hours actually expended down to hours reasonably expended. Case v. Unified School Dist. No. 233, Johnson County, 157 F.3d 1243, 1250 (10th Cir. 1998). "In sum, the district court must carefully scrutinize the total number of hours reported to arrive at the number of hours that can reasonably be charged to the losing party, much as a senior partner in a private firm would review the reports of subordinate attorneys when billing clients whose fee arrangement requires a detailed report of hours expended and work done." Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir. 1983), disapproved of on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 717-28 (1987). The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition

which must be defended. Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

III. Discussion

   A. Arguments

The Commissioner agrees that award of a fee under the EAJA is appropriate in this case but disagrees with the amount of the fee requested. She argues that "a portion of the statement of facts, and almost all of the argument in Plaintiff's opening brief [before the court in this case wa]s copied and pasted from the Position Statement submitted to the Appeals Council." (Comm'r Obj. 3) (citing Doc. 11 (Supp. R.), Attach. 5 (Pl. July 19, 2017 Letter Brief to the Appeals Council) (hereinafter "Position Statement")). She argues that "most [of] the argument in Plaintiff's opening brief is copied and pasted almost verbatim from the Position Statement submitted to the Appeals Council" (Comm'r Obj. 3), and that the work charged before this court was duplicative of work done at the administrative level and is not properly claimed as work before this court. Id. at 4-5. She argues this court has recognized that typical Social Security cases require between thirty and forty hours of work by an attorney, but this is not a typical case because "the bulk of the hours claimed [for Plaintiff's initial brief] are for writing, at most, an additional 14 pages, while copying and pasting almost all of the substantive argument." Id. at 5. She argues that total fees awarded should be "at most, $4,000.00." Id. at 6.

In his Reply, Plaintiff argues that the Commissioner objects only to an unreasonable amount of work on Plaintiff's Social Security Brief but not to any other aspect of the fee requested. (Doc. 23, p.1) (hereinafter EAJA Reply). He points out that the amount billed for the remaining work to which the Commissioner does not object is $3,222.51, leaving $770.49[2] as compensation for counsel's work on the additional 14 pages provided in the brief. (EAJA Reply 2). He argues this implies that all of the work reasonably done before this court on Plaintiff's Social Security Brief amounted to "just over 4 hours." Id. Plaintiff argues that the Commissioner's argument that most of his Brief was copied and pasted from his Position Statement is "offensive and borderline defamatory," and that "[i]n the Rule 54.2 Conference, Social Security counsel directly accused Plaintiff's Counsel [sic] of including his time for drafting Plaintiff's Position Statement to the Appeals Council as part of this fee application," and that the Commissioner's Objection and footnote 3 therein, "continue to further this accusation," greatly offending Plaintiff's counsel. (EAJA Reply 4-5). He argues that although "the framework of the Position Statement to the Appeals Council was utilized by Counsel [sic] in formulating the Plaintiff's Social Security Brief[, t]hat should come as no surprise to anyone." Id. at 5. He argues that "[t]he statement of facts in Plaintiff's Social Security Brief has significant additions to it and further contains specific references to the

---

[2] The court notes that it agrees with Plaintiff's calculation of the hours and the compensation billed for other work. However, Plaintiff erred in finding the difference between the amount allowed for other work and that remaining available for the additional pages, which is $777.49. ($4,000.00 - $3,222.51 = $777.49).

transcript which was not available at the time of Counsel's [sic] submission of the Position Statement." Id. Plaintiff notes that due to the Commissioner's objection to the fee request, he was required to prepare and file a Consultation Statement in accordance with Local Rule 54.2, amend his memorandum requesting fees, and file a reply to the Commissioner's objections, thereby requiring the expenditure of 10.25 additional hours of work, and he requests further fees amounting to $1,990.55 for a total fee request of $8,643.22. Id. at 6.

**B.     Analysis**

Key to this conflict is the apparent repetition in Plaintiff's Social Security Brief of many of the same facts and arguments from the Position Statement he submitted to the Appeals Council. The Commissioner is correct that many sentences from the Position Statement appear verbatim in the Brief. Plaintiff is correct that this should come as no surprise to anyone, for the allegedly erroneous decision Plaintiff appealed to the Appeals Council is the same allegedly erroneous decision Plaintiff appealed to the court. The Appeals Council made no change in the decision, so it is reasonable to assume that Plaintiff will allege the same or very similar errors in his argument before the court. Moreover, the facts in the administrative record remain the operative facts before the court, and Plaintiff's statement of facts before the court would change only to the extent the record changed (Supplemental Record) or Plaintiff chose to emphasize different facts to the court. And, the Commissioner chose to ignore that in many instances the facts and arguments were changed in Plaintiff's Brief by providing appropriate citations from the

administrative record as it appeared before the court rather than as it was exhibited before the ALJ, and that the material was rearranged and in several instances rewritten to adjust Plaintiff's allegations of error before the court.

This conflict illustrates the purpose of the Local Rule requiring consultation when requesting statutory attorney fees. D. Kan. R. 54.2. That consultation allows the defendant's counsel to point to factors suggesting the request appears to be excessive and to suggest that the plaintiff's counsel should exercise greater billing judgment. It allows the plaintiff's counsel to explain the basis for requested fees, to suggest that defendant's counsel may be overreaching, and to suggest a compromise where appropriate. The court expects that counsel, as attorneys, will be able to conduct such discussions realizing that they are officers of the court and are not opponents taking opposite sides regardless of the merits of the other's argument. Here, defendant's counsel attacked the integrity of plaintiff's counsel (or at least gave that impression to plaintiff's counsel). And plaintiff's counsel took the asserted need for greater billing judgment personally, refused to see the apparent truth of the assertion, or to explain the basis for it or suggest a means to reach a compromise. Then, the sides were drawn up in opposition and the fee war was on. Instead of seeing the apparent lack of billing judgment, plaintiff's counsel now apparently felt justified to bill another ten hours because of defendant's counsel's insult, and instead of recognizing the work performed by plaintiff's counsel in rewriting his arguments in the Brief, defendant's counsel apparently felt justified in suggesting that a reasonable fee should be limited to $4,000.00.

The court finds error in both positions. As the Commissioner suggests, much of the work in preparing Plaintiff's Social Security Brief had been done previously in preparing the Position Statement for the Appeals Council. But, as Plaintiff suggests, even the portions of the Position Statement forming the basis for the Brief still required reworking and a certain amount of rewriting to provide a useful Brief, and there was other work to be done in the Brief. As Plaintiff points out, the Brief clearly required more than 4.1 hours to prepare, even after exercising billing judgment and applying a reduction in the 18 hours spent. The court finds that a reduction of five hours at the unopposed rate of $189.97 for work done in December 2017 ($949.85) is an appropriate reduction for the work reasonably performed on Plaintiff's Brief.

The question remains regarding the time reasonably expended in securing attorney fees in this case. Fees should not be awarded or withheld as "punishment" for the conduct of a party. It could be argued that had Plaintiff recognized the need for additional billing judgment there would have been no need for further motion practice, in which case no additional fees should be awarded. However, it could also be argued that the Commissioner would not have been satisfied with any fee award exceeding $4,000.00, in which case further motion practice would have been necessary to receive a reasonable fee. The court finds that both parties appear to have been intransigent in working toward a resolution of the fee issue. Therefore, it finds that only one-half of the time requested for defending the motion and preparing the statement of consultation was reasonably expended in this case.

The court finds that $5,702.82 is a reasonable fee for Plaintiff's prosecution of the case in chief ($6,652.67 - $949.85 = $5,702.82), and $995.28 is a reasonable fee for motion practice in the fee dispute.  ($1,990.55/2 = $995.28).   Plaintiff also seeks $400.00 in costs for reimbursement of the filing fee in this case, and the Commissioner does not object.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412" (Doc. 18) be GRANTED in part and DENIED in part, and that fees be awarded in the sum of $6,698.10.

**IT IS FURTHER ORDERED** that costs be awarded in the amount of $400.00

Dated this December 10, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**